IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2012

## STEVE ALLEN CLICK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Blount County**
**No. C-16833      David R. Duggan, Judge**

---

**No. E2011-01965-CCA-R3-PC - Filed August 6, 2012**

---

Much aggrieved by his convictions of three counts of aggravated rape and one count of evading arrest, for which he received an effective sentence of 120 years' incarceration, the petitioner, Steve Allen Click, filed a timely petition for post-conviction relief attacking the judgments based upon the ineffective assistance of counsel and other constitutional deprivations. Following the appointment of counsel, amendment to the petition, and a full evidentiary hearing, the post-conviction court ruled that the petitioner had failed to establish his claims by clear and convincing evidence and denied relief. The petitioner now appeals, claiming that the post-conviction court erred in denying him relief. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Nicholas Black, Maryville, Tennessee, for the appellant, Steve Allen Click.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Betsy Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Blount County Circuit Court jury convicted the petitioner of the March 25, 2003 triple rape of the victim, who was attacked as she walked her dog on the green way near her home. *State v. Steve Allen Click*, No. E2004-02655-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Knoxville, Mar. 21, 2006), *perm. app. denied* (Tenn. Aug. 21, 2006). During the assault, the petitioner first sprayed mace in the victim's face and struck her with "what

[the victim] believed to be a pipe." *Id*. He then vaginally penetrated the victim twice, attempted to anally penetrate the victim, and forced his penis into the victim's mouth. *Id.*, slip op. at 2. The victim suffered "a scalp laceration, a concussion, and numerous cuts and bruises, including some to her vagina" from the attack. *Id.*, slip op. at 2. On direct appeal to this court, the petitioner argued that the three convictions should merge, that the evidence was insufficient to support his convictions, that the prosecutor made improper remarks during closing argument, and that the trial court imposed an excessive sentence. We affirmed the petitioner's convictions and sentences on appeal. *Id.*, slip op. at 11.

On August 15, 2007, the petitioner filed a timely pro se petition for post-conviction relief. In addition to raising numerous allegations of the ineffective assistance of counsel, the petition included allegations of prosecutorial misconduct, withholding of exculpatory evidence, and trial court error. Following the appointment of counsel, the petitioner filed an amended petition alleging that trial counsel performed deficiently by failing to effectively cross-examine State's witnesses, failing to challenge the victim's identification of him as her attacker, failing to adequately investigate the case, failing to obtain a mental health evaluation of the petitioner for use at sentencing, and failing to challenge the imposition of sentence via the Sixth Amendment. In the amended petition, the petitioner also leveled allegations of deficient performance against appellate counsel for failing to challenge his sentencing via the Sixth Amendment and failing to raise an allegation concerning the State's non-disclosure of exculpatory evidence – that another rape had occurred in the same area after the petitioner's arrest.

At the August 3, 2011 evidentiary hearing, trial counsel testified that he did not challenge the identification of the petitioner as the victim's attacker after his review of the discovery materials revealed that "[t]he State was going to prove overwhelmingly that it was [the petitioner] who did the assault and [the petitioner] who did the rape." He recalled that the victim gave a detailed description of her attacker, that the duration of the attack lasted almost 15 minutes, and that the victim unequivocally identified the petitioner as her attacker. Additionally, the petitioner was arrested within minutes of the assault still in possession of the victim's eyeglasses and with the victim's blood on his clothing. Trial counsel testified that he and the petitioner discussed trial strategy and determined that the best strategy would be to attempt to mitigate the offense to simple rape because the pipe allegedly used in the assault had never been found. Trial counsel also believed that the convictions should merge and that the merger issue was the strongest issue raised on appeal, but he acknowledged that the trial court and appellate court disagreed with him. Trial counsel recalled that the petitioner's prior record included several aggravated burglaries during which the petitioner had stolen women's "undergarments." With the petitioner's prior criminal history in mind, trial counsel decided not to pursue any sort of mental evaluation for use at sentencing that might reveal further details of his prior offenses indicative of an escalating pattern of

criminal behavior. As to the petitioner's claim regarding a Sixth Amendment challenge to the trial court's sentencing, trial counsel recalled that the trial court enhanced the petitioner's sentence only on the basis of his history of prior convictions. Thus, no basis existed for challenging the sentence via the Sixth Amendment.

Likewise, appellate counsel testified that she was unable to posit any Sixth Amendment challenge to the petitioner's sentence because the trial court enhanced the sentence based only upon the petitioner's history of criminal convictions, a constitutionally acceptable bench enhancement of the sentences. Appellate counsel did, however, challenge the sentence as excessive, a claim this court found to be unavailing. *Id.*, slip op. at 11. Appellate counsel testified that she never observed any indicia that the petitioner needed a psychological evaluation. She said that she also determined the most viable issues to raise on appeal.

The petitioner's mother, Johnnie Click, testified that the petitioner routinely picked up items he found while walking and that she would have testified to that at trial had counsel interviewed her. She also recalled that the petitioner's yard was muddy on the date of the offense, but she acknowledged that the park was also muddy. Ms. Click testified that the petitioner was diagnosed as "bipolar" and would become "agitated" when not taking his medication. She denied, however, that the petitioner suffered an emotionally abusive childhood.

The petitioner testified that he and trial counsel engaged in "very little" discussion of his case. He claimed that his mental health problems consisted of "voices and not sleeping and not eating." The petitioner admitted that he ran from the police, but he testified that he was "not sure" if he had raped the victim. He also acknowledged that the police discovered the victim's blood on his clothing and her eyeglasses in his possession at the time of his arrest.

Following the hearing, the post-conviction court found that trial counsel's decisions regarding trial strategy were reasonable in light of the facts surrounding the petitioner's apprehension and identification. The post-conviction court found that counsel's decision to attempt to mitigate the offenses to simple rape was also reasonable and noted that the petitioner would not have been a good witness with 10 prior convictions involving aggravated burglaries. The post-conviction court agreed that no basis existed to challenge the sentence via the Sixth Amendment because the trial court enhanced the sentence based solely upon the petitioner's history of criminal convictions. The post-conviction court further found that the petitioner failed to present any proof at the evidentiary hearing concerning his claim that the State failed to disclose evidence of a similar rape that occurred after the petitioner's arrest. The post-conviction court accredited trial counsel's testimony and noted

the overwhelming evidence of the petitioner's guilt. It then ruled that the petitioner failed to establish his claims by clear and convincing evidence and denied relief. The petitioner timely appealed the post-conviction court's denial of relief.

On appeal, the petitioner reiterates his claims of ineffective assistance of counsel and other constitutional deprivations. He specifically argues that trial counsel rendered deficient performance by failing to cross-examine witnesses, failing to call witnesses on the petitioner's behalf, failing to challenge the constitutionality of consecutive sentences, and failing to obtain a psychological evaluation of the petitioner. He further contends that his Sixth Amendment rights were violated at sentencing, that the State withheld favorable and material evidence at trial, and that he was denied his right to appeal to the Tennessee Supreme Court. In summary, the petitioner contends that his right to be free from arbitrary and oppressive government action was violated. The State argues that the post-conviction court properly denied relief. We agree with the State.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the post-conviction court's findings of fact are conclusive unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant

the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the evidence does not preponderate against the post-conviction court's findings in this case. The post-conviction court accredited trial counsel's testimony concerning his defense strategy and the examination and presentation of witnesses. Also, the petitioner failed to present any evidence concerning these claims either by presenting additional witnesses at the evidentiary hearing or by presenting additional evidence to otherwise establish prejudice flowing from these alleged deficiencies. Likewise, the petitioner failed to present any evidence at the evidentiary hearing concerning his mental health condition in an effort to establish any prejudice stemming from trial counsel's alleged shortcomings. In the absence of such evidence, the petitioner failed to establish these claims. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (holding that a post-conviction petitioner generally fails to establish his claim that counsel did not properly investigate or call a witness if he does not present the witness or evidence to the post-conviction court because a post-conviction court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial).

As to the petitioner's other constitutional challenges, we agree with the post-conviction court's finding that the petitioner failed to present any evidence whatsoever that the State withheld exculpatory evidence. Furthermore, the record belies the petitioner's claim that his sentencing violated his Sixth Amendment rights; the trial court properly enhanced the petitioner's sentence solely on the basis of his history of criminal convictions. Furthermore, any challenge to the imposition of consecutive sentences via the Sixth Amendment would not have garnered the petitioner any relief had it been raised in a timely fashion at trial or on direct appeal. *See Oregon v. Ice*, 555 U.S. 160 (2009); *State v. Allen*, 259 S.W.3d 671, 688 (Tenn. 2008) (ruling Sixth Amendment challenges inapplicable to consecutive sentencing). We also note that appellate counsel challenged the imposition of consecutive sentences, albeit without success, on direct appeal. In that vein, this issue has

been previously determined. *See* T.C.A. § 40-30-106(h). Likewise, the petitioner failed to establish that counsel failed to seek discretionary review to the supreme court. Indeed, the record reflects that our supreme court denied permission to appeal on August 21, 2006. Furthermore, in affirming the post-conviction court's findings relative to the petitioner's specific claims, it necessarily follows that the petitioner's "right to be free from arbitrary and oppressive government action" – a claim we discern as a denial of due process allegation – was not violated in this case.

Accordingly, we affirm the post-conviction court's order denying relief.

_____
JAMES CURWOOD WITT, JR., JUDGE